IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA BRIOLI, | ) |
| | ) |
| Plaintiff, | ) 2:13-cv-308 |
| | ) |
| v. | ) |
| | ) |
| PREMIER BUICK PONTIAC GMC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR REMAND, COSTS, AND EXPENSES (ECF No. 7), with brief (ECF No. 8) and declaration (ECF No. 9) in support, filed by Plaintiff Maria Brioli. Defendant Premier Buick Pontiac GMC filed a response in opposition (ECF No. 11). Accordingly, the motion is ripe for disposition.

Plaintiff commenced this action on July 14, 2011 in the Court of Common Pleas of Allegheny County, Pennsylvania at docket number AR-11-005265, in which she seeks compensatory and punitive damages arising from her purchase of an allegedly defective 2011 Chevrolet Malibu from Defendant. According to the Complaint, the vehicle exhibits numerous defects, and Defendant's three attempts to remedy the nonconformities have proven unsuccessful. Plaintiff further avers that Defendant knew of the vehicle's defective condition prior to her purchase and that she ultimately finalized the transaction based on the sales agents' representation that the car was free from defects. Based on those events, Plaintiff filed suit and her complaint was placed on the arbitration docket in the Court of Common Pleas.[1]

---

1. Rule 1301 of the Allegheny County Civil and Family Court Rules states that "[c]ivil actions, proceedings and appeals or issues therein where the demand is for $25,000 or less (exclusive of interest and costs)" must first be submitted to and heard by a Board of Arbitrators. *See also* Pa.R.C.P. No. 1301 ("These rules apply to actions which are submitted to compulsory arbitration pursuant to local rule under Section 7361 of the Judicial Code, 42 Pa. C. S. § 7361.").

After Plaintiff effectuated service of process, Defendant filed preliminary objections and the court denied its jurisdictional challenge. Plaintiff proceeded to propound requests for production of documents and interrogatories on Defendant to which it did not respond until the court intervened by granting a motion to compel. Defendant apparently did not engage in any discovery.

On May 4, 2012, a three-person Board of Arbitrators entered an award for Plaintiff and against Defendant in the amount of $1,480.00; Plaintiff filed an appeal from the Award of Arbitrators days later, demanding a jury trial. The Court of Common Pleas ultimately scheduled a trial for March 5, 2013.

On February 6, 2013, Plaintiff filed her pretrial statement in which she sets forth her claimed damages: $88,096.26 in compensatory damages (trebled from a $29,365.42 pecuniary loss) and $250,000.00 in punitive damages. This demand seemingly surprised Defendant, as all previous demands and settlement offers hovered slightly below $10,000.00. At the direction of the Court of Common Pleas, the parties and their attorneys participated in a settlement conference on February 28, 2013 but to no avail. Accordingly, the parties were to proceed to trial five days later.

Nevertheless, Defendant filed a Notice of Removal the following day on March 1, 2013—the Friday before trial and about twenty (20) months after the litigation commenced. Defendant cites diversity as the jurisdictional grounds, claiming that the removability of this action was not apparent until February 6, 2013 when Plaintiff submitted her pretrial statement. Defendant likewise argues that removal is timely under 28 U.S.C. § 1446 because it filed the notice within thirty (30) days of receiving Plaintiff's pretrial statement.

Plaintiff objects to the removal as simply untimely for two reasons and seeks this Court to order remand. First, Plaintiff claims that the Complaint informed Defendant that the amount in controversy exceeded the jurisdictional threshold, an argument that the Court doubts given that the case was placed on the arbitration docket as the damages fell below $25,000.00. Second, Plaintiff submits that Defendant could have conducted discovery regarding her damages, but it instead took no action. In the alternative, Plaintiff advances the position that Defendant otherwise waived any right to removal based on its ligation conduct in the state court proceedings. Aside from arguing those legal theories, Plaintiff also asks the Court to assess costs and expenses pursuant to 28 U.S.C. § 1447(c) upon a finding that Defendant did not have an objectively reasonable basis for removal and that it acted in bad faith by removing this action two business days before trial.

Defendant contests each theory and objects to the relief sought by Plaintiff. Defendant first highlights that complete diversity did not exist when Plaintiff filed her initial pleadings in which she named additional defendants that are citizens of Pennsylvania for diversity purposes. Defendant then raises a number of instances where Plaintiff acted contrary to her present litigation position, including her willing participation in compulsory arbitration and her fairly limited monetary demands at all times prior to filing the pretrial statement. Thus, as Defendant attempts to reason, it was actually acting in good faith by participating in the conciliation hearing because it attempted to settle the matter prior to removing this case, and therefore, the Court should not assess costs and expenses incurred by Plaintiff.

As an initial matter, the Court notes that the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 758 (effective Jan. 6, 2012) (amending 28 U.S.C. § 1446(c)) does not apply in this case. Section 105 of the Act states:

> (a) IN GENERAL. -- Subject to subsection (b), the amendments made by this title shall take effect upon the expiration of the 30–day period beginning on the date of the enactment of this Act, and shall apply to any action or prosecution commenced on or after such effective date.
>
> (b) TREATMENT OF CASES REMOVED TO FEDERAL COURT. -- For purposes of subsection (a), an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court.

*Id.* Therefore, as this action was commenced in the Court of Common Pleas of Allegheny County before the effective date of the Act, § 1446 as it previously existed must govern. *See* Federal Courts Improvement Act of 1996, Pub. L. 104-317, 110 Stat. 3847 (West 1996).

Section 1446 provides the relevant timing limitations for instances where, as here, the initial pleading indicates that the matter is not removable. More specifically, the statute states in relevant part as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*.

28 U.S.C.A. § 1446(b) (West 1996) (emphasis added).

Here, the applicable one-year limitation bars removal. Plaintiff commenced her case on July 14, 2011; Defendant removed the matter roughly twenty (20) months later on March 1, 2013, well-beyond the statutory period. Even if the Court construes the pretrial statement as "other paper" as Defendant so desires and recognizes that it filed the Notice of Removal within the thirty-day window, the outcome does not change. The statute contains two timing mechanisms, and a litigant must meet both to withstand a motion to remand. Defendant has not made that showing. Accordingly, Plaintiff's motion to remand will be **GRANTED**.

The Court will not, however, assess costs or expenses incurred by Plaintiff. Both sides have presented good faith arguments in support of their respective positions. Even though the Court agrees with Plaintiff that removal was not proper, the request for costs and expenses will be **DENIED**.

This case shall be remanded forthwith to the Court of Common Pleas of Allegheny County, Pennsylvania. The clerk shall docket this case closed.

**SO ORDERED** this 28th day of March, 2013.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc: **David J. Gorberg**
Email: David@mylemon.com
**Gregg H. Kanter**
Email: greggkanter@yahoo.com
**Laura L. Applegate**
Email: lapplegate@mylemon.com

**David M. Huntley**
Email: dmh@jgcg.com
**David M. Jecklin**
Email: djecklin@gbwlaw.net